DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jan D. Fowler, appeals pro se from the judgment of the Akron Municipal Court. We affirm.
 {¶ 2} On or about June 30, 2003, Ms. Fowler retained Appellee, Oldham Dowling, to represent her in her claim under the Employee Retirement Income Security Act (ERISA), Section 1001 et seq., Title 29, U.S. Code, against her former employer, PolyOne Corporation, seeking reinstatement of disability benefits. Ms. Fowler had initially sought free legal services through Legal Aid, but because the claim was fee generating, Legal Aid referred her to Oldham Dowling. In an engagement letter dated July 1, 2003, Oldham Dowling confirmed the representation, as well as the parties' discussion regarding the firm's $200 hourly fee rate and Ms. Fowler's additional responsibility for any expenses incurred during the representation.
 {¶ 3} Oldham Dowling filed suit on Ms. Fowler's behalf in the Cuyahoga County Court of Common Pleas, but the suit was later removed to federal court. Pursuant to Ms. Fowler's authorization, the case was settled for $12,500. Oldham Dowling agreed to accept $4,000 as full satisfaction of its claim for fees and expenses, although their actual fees exceeded that amount. The settlement money was deposited in Oldham Dowling's escrow account at Key Bank, and Ms. Fowler received $8,500 from the account. However, Ms. Fowler refused to authorize the release of the remaining $4,000 to Oldham Dowling.
 {¶ 4} Oldham Dowling filed a complaint for declaratory judgment in the Akron Municipal Court pursuant to R.C. Chapter 2721, seeking an order declaring that it was entitled to attorney fees from Ms. Fowler for the representation and ordering disbursement from the account. Ms. Fowler filed an answer to the complaint, asserting that she was referred to Oldham Dowling by Community Legal Aid/Western Reserve Legal Services due to financial eligibility, and therefore, that she was not required to pay Oldham Dowling's attorney fees.
 {¶ 5} The case was assigned to the docket of Akron Municipal Court Judge Alison McCarty. In a judgment entry dated October 29, 2004, the court concluded that Oldham Dowling was entitled to legal fees and expenses in the amount of $4,000 from Ms. Fowler, and ordered Key Bank to issue a check to the firm in that amount. The judgment entry was signed by Judge William B. Pike, sitting by assignment to Judge McCarty's seat.
 {¶ 6} Ms. Fowler timely appealed from this judgment, asserting one assignment of error for review.
 Assignment of Error
"The trial court erred by not addressing the following facts:
"1. Attorney bill dowling obtained my case from community legal aid, a volunterr legal service. no contract was ever agreed upon (implied or assigned) by me acknowledging to pay for any legal services. no discussions were held regarding fees upon our initial meeting or thereafter. no contingent fees were discussed. I thought I was being handled for lack of a better word or phrase on a charity like basis since I had lost my job due to my disability obtained outside of my job.
"2. The judge that ruled on this case was not the judge who orginally was assigned to this case nor was he the judge who heard the case."
 {¶ 7} In her sole assignment of error, Ms. Fowler challenges the trial court's judgment on two bases: (1) the trial court erred in its conclusion that the firm was entitled to attorney fees from her settlement award amount; and (2) the case was ruled upon by a trial judge sitting by assignment, and not the judge that was originally assigned to the case. Ms. Fowler's contentions lack merit.
 {¶ 8} Upon review of the record, we find that the evidence adduced confirms that the parties had discussed Ms. Fowler's responsibility to pay Oldham Dowling's attorney fees and expenses arising out of the representation. Oldham Dowling also presented a computer print-out that itemized the work performed and fees and expenses incurred, substantiating their claims for attorney fees.
 {¶ 9} Therefore, we find that the trial court did not err in concluding that Oldham Dowling was entitled to legal fees and in ordering Key Bank to issue a $4,000 check to the firm.
 {¶ 10} Additionally, we cannot find any error with respect to Ms. Fowler's second contention, because judge substitutions are sanctioned by R.C. 1901.12. Ms. Fowler has not demonstrated that Judge Pike was not duly appointed to sit by assignment.
 {¶ 11} Ms. Fowler's sole assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Carr, J. Concur.